# EXHIBIT 1

Exhibit 1 - Page 3

Electronically Filed by Superior Court of California, County of Orange, 11/24/2021 09:22:08 PM.
30-2021-01233648-CU-AT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

David E. Bower  SBN 119546
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: 310-446-6652
Fax: 212-202-7880

*Counsel for Plaintiff Charlotte Muha*

Assigned for all Purposes

Judge Glenda Sanders

CX-101

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## ORANGE COUNTY

CHARLOTTE MUHA Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 30-2021-01233648-CU-AT-CXC

CLASS ACTION COMPLAINT

Violation of Federal Fair Credit Reporting Act

Jury Trial Demanded

Plaintiff Charlotte Muha ("Plaintiff" or ("Muha"), by the undersigned attorneys, on behalf of herself and all others similarly situated, alleges upon information and belief, including the investigation of counsel and a review of publicly-available information, except for Plaintiff's own acts which are alleged on personal knowledge, as follows:

## **SUMMARY OF THE ACTION**

1.     Plaintiff brings this class action on behalf of herself and all other consumers similarly situated against Experian Information Solutions, Inc. ("Experian" or "Defendant") for Experian's knowing and willful violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), and its implementing regulations, 12 C.F.R. § 1022 ("Regulation V"). Pursuant to the FCRA, any consumer reporting agency must provide certain disclosures to

Exhibit 1 - Page 4

consumers about their rights along with the consumer reports; Experian has consciously and willfully concealed this information to the obvious detriment of consumers.

2. Indeed, consistent with the FCRA, the Bureau of Consumer Financial Protection ("CFPB") has prescribed the content of the notice of consumer rights that consumer reporting agencies are required to provide along with consumer reports, and has prepared a form notice that consumer reporting agencies may use. Inexplicably, Experian chose not only to deviate from the form notice but to excise certain information that the FCRA expressly requires from the notice it provided entirely.

3. For these reasons and as set forth in detail herein, Plaintiff seeks to recover damages resulting from Experian's knowing and willful failure to comply with the FCRA.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Defendant maintains its principal executive offices at 475 Anton Boulevard, Costa Mesa, California 92626. As Defendant is headquartered in California, Defendant has sufficient minimum contacts with California so as to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in this Court because Defendant maintains its principal executive offices in Orange County.

## THE PARTIES

6. Plaintiff Charlotte Muha is a natural person who resides in Milwaukee County, Wisconsin.

7. Plaintiff is a "consumer" as defined in the FCRA, 15 U.S.C. § 1681a, because Plaintiff is a natural person and an individual.

CLASS ACTION COMPLAINT

Exhibit 1 - Page 5

8.     Defendant Experian Information Solutions, Inc. ("Experian") is a business corporation with its principal offices located at 475 Anton Blvd., Costa Mesa, California 92626.

9.     Experian is a "consumer reporting agency" as defined in the FCRA, 15 U.S.C. § 1681a, in that Experian regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

10.     Along with non-parties Trans Union LLC ("TransUnion") and Equifax Information Services LLC ("Equifax"), Experian is one of the "Big Three" consumer reporting agencies or "credit bureaus," and a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in the FCRA, 15 U.S.C. § 1681a, in that Experian assembles, evaluates, and maintains for the purpose of furnishing consumer reports to third parties bearing on consumer creditworthiness, credit standing, or credit capacity regarding consumers residing nationwide based on public record information and credit account information from persons who furnish that information to Experian regularly and in the ordinary course of business.

## THE FAIR CREDIT REPORTING ACT

11.     Adopted in 1970 as a subchapter of the federal Consumer Credit Protection Act, Chapter 41 of Title 15 of the United States Code, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), acknowledges the "vital role" that consumer reporting agencies have assumed in the "elaborate mechanism" of assembling and evaluating consumer credit and other information on consumers and recognizes a "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See* 15 U.S.C. § 1681(a).

12.     The FCRA further acknowledges that inaccurate credit reports directly impair the efficiency of the banking system and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.  For this reason, consumer reporting agencies must adopt reasonable procedures for meeting the needs of commerce for consumer credit information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  15 U.S.C. § 1681(a) and (b).

13.     Reporting errors are by no means rare.  For example, in connection with the FCRA amendments adopted in 2003, the Federal Trade Commission (the "FTC") engaged the first national study that engaged all the primary groups that participate in the credit reporting and scoring process, including consumers, data furnishers, the Fair Isaac Corporation ("FICO"), and the "Big Three" consumer reporting agencies, Experian, TransUnion, and Equifax.  In connection with this study, the FTC issued a report in December 2012 entitled *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, which summarized its findings regarding consumer credit report accuracy by stating, in part:

> Overall, we find that 26% of the 1,001 participants in the study identified at least one potentially material error on at least one of their three credit reports.  Although 206 consumers (21% of the participants) had a modification to at least one of their credit reports after the dispute process, only 129 consumers (13% of participants) experienced a change in their credit score as a result of these modifications.  Each affected participant may have as many as three score changes.  Of the 129 consumers with any score change, the maximum changes in score for over half of the consumers were less than 20 points.  For 5.2% of the consumers, the resulting increase in score was such that their credit risk tier decreased and thus the consumer may be more likely to be offered a lower auto loan interest rate.

Federal Trade Commission, "Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003," (December 2012) (available online:

CLASS ACTION COMPLAINT

Exhibit 1 - Page 7

https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accurate-credit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf).

14.     One of the means that the FCRA contemplates for ensuring the accuracy of consumer credit reports is that consumers may request their information from the consumer reporting agencies in order to confirm that such information is accurate, and dispute any information that is inaccurate.  *See* 15 U.S.C. § 1681g.

15.     15 U.S.C. § 1681g(a) requires that, when consumers request the information in their file, the consumer reporting agency must disclose, among other things and with certain exceptions: (i) all information in the consumer's file at the time of the request, (ii) the sources of that information, (iii) the identities of the persons who previously obtained a consumer report on the consumer, and (iv) information about any checks that is used as the basis for an adverse characterization of the consumer.

16.     15 U.S.C. § 1681g(c) further requires that along with each such disclosure, the consumer reporting agency also disclose certain information about the consumer's rights, including among other things, (i) a "Summary of Rights" in the form prepared by the Bureau of Consumer Financial Protection ("CFPB"), which is found at 12 C.F.R. § 1022, Appendix K, (ii) a list of all Federal agencies responsible for enforcing any provision of FCRA, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency, (iii) a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights, and (iv) a statement that a consumer reporting agency is not required to remove accurate or derogatory information from the file of a consumer, unless the information is outdated or cannot be verified.

17.     Pursuant to the FCRA, any person who fails to comply with any requirement imposed under the FCRA is liable to that consumer for actual damages and the costs of the action, together with a reasonable attorney's fee as determined by the court, and is further liable for statutory damages and punitive damages in the event that the noncompliance was willful.  15 U.S.C. §§ 1681n; 1681o.

## SUBSTANTIVE ALLEGATIONS

18.     On or before June 2, 2020, Plaintiff submitted a request to Experian for a copy of Plaintiff's consumer report or file disclosure pursuant to 15 U.S.C. § 1681g(a).

19.     In connection with this request, Experian mailed Plaintiff the file.  A copy of the consumer report or file disclosure that Experian made is attached to this complaint and incorporated into Exhibit A.

20.     Upon information and belief, the consumer report or file disclosure in Exhibit A is a standard-form consumer report or file disclosure, with the form generated by computer and with certain information specific to plaintiff inserted by computer.

21.     Upon information and belief, the portions of the consumer report or file disclosure in Exhibit A that are not specific to Plaintiff are identical or substantially similar to the consumer reports or file disclosures made as a matter of course to consumers throughout the United States who request similar file disclosures made through the same standardized, computer-generated process.

22.     Upon information and belief, the "Summary of Rights" portion of the consumer report or file disclosure in Exhibit A is identical or substantially similar to the "Summary of Rights" portions of consumer reports or file disclosures made as a matter of course through the same standardized, computer-generated process to consumers throughout the United States.

Exhibit 1 - Page 9

23.     The "Summary of Rights" portion of the consumer report or filed disclosure in Exhibit A is inconsistent with 15 U.S.C. § 1681g(c) and Appendix K of Regulation V because it does not include "a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights."   *See* 15 U.S.C. § 1681g(c)(2)(D).

24.     The "Summary of Rights" found in Appendix K of Regulation V states, in part:

[***]

- **You may seek damages from violators.**  If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.**  For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law.  For more information, contact your state or local consumer protection agency or your state Attorney General.  For information about your federal rights, contact:**

[table of federal agencies begins on following page]

*See* 12 C.F.R. § 1022, App. K, Fed. Reg., Vol. 83, No. 181, p. 47040.

25.     The Summary of Rights in the consumer report or file disclosure in Exhibit A states, in part:

[***]

7

CLASS ACTION COMPLAINT

Exhibit 1 - Page 10

• You may seek damages from violators. If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

• Identity theft victims and active duty military personnel have additional rights. For more Information, visit www.consumerfinance.gov/learnmore.

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates<br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau 1700 G St, NW Washington, DC 20552<br>b. Federal Trade Commission Consumer Response Center 600 Pennsylvania Ave, NW Washington, DC 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | a. Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney St, Suite 3450 Houston, TX 77010-9050<br>b. Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480<br>c. FDIC Consumer Response Center 1100 Walnut St, Box #11 Kansas City, MO 64106<br>d. National Credit Union Administration Office of Consumer Financial Protection (OCFP) Division of Consumer Compliance Policy and Outreach 1775 Duke St. Alexandria, VA 22314 |

Exhibit A.

26.     The Summary of Rights portion of the consumer report or file disclosure in Exhibit A omits the following statement, which appears between the disclosure about additional rights of victims of identity theft and active duty military personnel and the table of federal agencies in the form disclosures in Appendix K to Regulation V:

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

27.     This statement appears in Appendix K to Regulation V because the FCRA expressly requires consumer reporting agencies to make these specific disclosures to consumers along with their file disclosures.  *See* 15 U.S.C. § 1681g(c)(2)(D) (requiring the consumer reporting agency to provide "a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights.").

28.     Upon information and belief, Experian knowingly and willfully made the decision to remove the portion of the Summary of Rights that disclosed that States may enforce the FCRA,

8

CLASS ACTION COMPLAINT

Exhibit 1 - Page 11

that many states have their own consumer reporting laws, that the consumer may have more rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or State attorney general for more information.

29.    Indeed, Experian could have simply used the standard-form Summary of Rights that is found in Appendix K of Regulation V.  Upon information and belief, Experian made a conscious decision to reformat the Summary of Rights and remove certain information that is expressly required by statute so that consumers would be less likely to contact their State or local consumer protection agencies and State attorneys general.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action for herself and as a class action pursuant to California Code of Civil Procedure Section 382 on behalf of all similarly situated consumers who received a consumer report or file disclosure from Experian with a "Summary of Rights" section that was identical or substantially similar to the "Summary of Rights" section in Exhibit A (the "Class"). Excluded from the Class are Defendants and any individual or entity affiliated with any Defendant.

31.    This Action is properly maintainable as a class action.

32.    The Class is so numerous that joinder of all members is impracticable.  Defendant is one of the "Big Three" Consumer Reporting Agencies and maintains files on virtually every consumer in the United States.  Upon information and belief, it would be impracticable to join every consumer to whom Defendant provided a consumer report or file disclosure with a "Summary of Rights" section that was identical or substantially similar to the "Summary of Rights" section in the consumer report or file disclosure in Exhibit A.

33.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include the following:

(a)     whether Defendant violated the FCRA; if so,

(b)     whether Defendant's violations were willful; and if so,

(c)     the amount of statutory and punitive damages that should be paid to Plaintiff and the other members of the Class as a result of Defendants willful failure to comply with the FCRA.

34.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

35.     Plaintiff has retained competent counsel experienced in litigation of this nature and will fairly and adequately represent and protect the interests of the Class.

36.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

37.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  Common issues predominate over individual issues and maintaining this action as a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.     Defendant has acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

CLASS ACTION COMPLAINT

Exhibit 1 - Page 13

## COUNT I – FCRA

39.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

40.     Defendant is a consumer reporting agency.

41.     Plaintiff requested a consumer report or file disclosure from Defendant.

42.     Defendant provided Plaintiff with a consumer report or file disclosure.

43.     The "Summary of Rights" section of the consumer report or file disclosure that Defendant provided did not disclose all of the information that is required by the FCRA.

44.     Defendant made a conscious decision to edit or alter the form "Summary of Rights" disclosures that appear at Appendix K of Regulation V to exclude certain material information that Congress expressly required consumer reporting agencies provide to consumers.

45.     Defendant's failure to comply with the FCRA was knowing and willful.

46.     Defendant violated 15 U.S.C. § 1681g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands relief in favor of Plaintiff and the Class and against Defendant as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

B.     Awarding Plaintiff and the Class actual damages, statutory damages, and punitive damages;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and experts' expenses and fees; and

D.     Granting such other and further relief as this Court may deem just and proper.

11
CLASS ACTION COMPLAINT

Exhibit 1 - Page 14

1

**JURY DEMAND**

2

Plaintiff prays for a jury trial on all issues and in all proceedings so triable.

3

4

DATED: November 24, 2021                                    Respectfully submitted,

5

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**                       David E. Bower SBN 119546

6

Juan E. Monteverde                                                    **MONTEVERDE & ASSOCIATES PC**

Miles Schreiner                                                          600 Corporate Pointe, Suite 1170

7

The Empire State Building                                        Culver City, CA 90230

350 Fifth Avenue, Suite 4405                                  Tel: 310-446-6652

8

New York, NY 10118                                               Fax: 212-202-7880

Tel: 212-971-1341                                                    Email: dbower@monteverdelaw.com

9

Fax: 212-202-7880

Email: jmonteverde@monteverdelaw.com          *Counsel for Plaintiff*

10

        mschreiner@monteverdelaw.com

11

12

*Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

CLASS ACTION COMPLAINT

Exhibit 1 - Page 15

# EXHIBIT A

Exhibit 1 - Page 16

PO Box 9701
Allen, TX 75013

CHARLOTTE V MUHA
4935 S GREENBROOK TER APT 13203
GREENFIELD WI 53220-4707

ıı"ıɭ·ɭɭ"ɭɭɭ"ɭɭɭɭ·ɭɭ·ɭ·ɭɭɭɭɭɭ"ɭɭɭ·ɭɭ"ɭɭɭɭ·ɭɭɭ"ɭɭɭ'ɭɭ



# CHARLOTTE V MUHA

## Your Credit Report

Report #      for **06/02/20**

In response to your recent request, we are sending you this credit report. Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process disputes generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record.

The fastest and easiest way to dispute most information that you disagree with is by creating your member login at experian.com/disputes. Keep track of any changes and dispute notifications online. You can also call with disputes or questions at 833 210 4610, M - F 9am - 5pm in your time zone. or submit your dispute in writing by mailing to Experian, NCAC, P.O. Box 2002, Allen TX 75013. Be advised that written information or documents you provide with respect to your disputes may be shared with all creditors with which you are disputing.

## Payment History Legend

| | | | |
|---|---|---|---|
| CLR Current | 150 Account 150 days past due | VS Voluntarily surrendered | D Defaulted on contract |
| 30 Account 30 days past due | 180 Account 180 days past due | R Repossession | C Collection |
| 60 Account 60 days past due | CRD Creditor received deed | PBC Paid by creditor | CO Charge off |
| 90 Account 90 days past due | FS Foreclosure proceedings started | EC Insurance claim | CLS Closed |
| 120 Account 120 days past due | F Foreclosed | G Claim filed with government | ND No data for this time period |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account.

### Medical Information

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

Exhibit 1 - Page 17

**CHARLOTTE V MUHA** | Report # for **06/02/20**



Exhibit 1 - Page 18

**CHARLOTTE V MUHA** | Report # for **06/02/20**



Exhibit 1 - Page 19

**CHARLOTTE V MUHA** | Report # for **06/02/20**

Exhibit 1 - Page 20

Exhibit 1 - Page 21

**CHARLOTTE V MUHA** | Report # for **06/02/20**



Exhibit 1 - Page 22

**Record of requests for your credit history** We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

**CREDIT APPLICATIONS/HARD INQUIRIES**
Hard inquiries are requests for your consumer information based on an action or process initiated by you generally related to a credit or other monetary obligation, such as when you apply for credit, rental property, or utility service, or default on a loan causing it to be sent to a collection agency. Hard inquiries are displayed to companies that receive your consumer report and may stay on your report at least two years.

**CONSUMER REPORT VIEWS/SOFT INQUIRIES**
Soft inquiries are usually initiated by others, like companies making promotional offers of credit or your lender conducting periodic reviews of your existing credit accounts. Soft inquiries do not impact your credit score.

Exhibit 1 - Page 23

**CHARLOTTE V MUHA | Report #** for **06/02/20**

**Personal information** The following information is reported to us by you, your creditors and/or other sources. Each source may report your personal information differently, which may result in variations of your name, address, Social Security number, etc. As part of our fraud protection efforts, a notice with additional information may appear. These listings do not affect your credit score. Only the last four digits of each reported SSN variation are displayed.

**Names**
CHARLOTTE V MUHA Name ID #
CHARLOTTE MUHA Name ID #

**Addresses**
4935 S GREENBROOK TER APT13207 GREENFIELD WI 53220-4708

**Social Security number variations**

**Year of birth**

**Telephone numbers**

**Former or current employers**

# A Summary of Your Rights under the Fair Credit Reporting Act

*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.**

• You must be told if information in your file has been used against you. Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

• You have the right to know what is in your file. You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if: a person has taken adverse action against you because of information in your credit report, you are the victim of identity theft and place a fraud alert in your file, your file contains inaccurate information as a result of fraud, you are on public assistance, you are unemployed but expect to apply for employment within 60 days. In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

• You have the right to ask for a credit score. Credit scores are numerical summaries of your creditworthiness based on information from

credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

• You have the right to dispute incomplete or inaccurate information. If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

• Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information. Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

• Consumer reporting agencies may not report outdated negative information. In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

• Access to your file is limited. A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

• You must give your consent for reports to be provided to employers. A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

• You may limit "prescreened" offers of credit and insurance you get based on information in your credit report. Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

• The following FCRA right applies with respect to nationwide consumer reporting agencies:

## CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE

You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

• You may seek damages from violators. If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

• Identity theft victims and active duty military personnel have additional rights. For more Information, visit www.consumerfinance.gov/learnmore.

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over \$10 billion and their affiliates<br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau 1700 G St, NW Washington, DC 20552<br>b. Federal Trade Commission Consumer Response Center 600 Pennsylvania Ave, NW Washington, DC 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | a. Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney St, Suite 3450 Houston, TX 77010-9050<br>b. Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480<br>c. FDIC Consumer Response Center 1100 Walnut St, Box #11 Kansas City, MO 64106<br>d. National Credit Union Administration Office of Consumer Financial Protection (OCFP) Division of Consumer Compliance Policy and Outreach 1775 Duke St. Alexandria, VA 22314 |

Exhibit 1 - Page 25

| d. Federal Credit Unions | |
|---|---|
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division, Department of Transportation 1200 New Jersey Ave, SE Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Proceedings, Surface Transportation Board Department of Transportation 395 E St, S.W. Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third St, SW, Suite 8200 Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission 100 F St, NE Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Dr. McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission Consumer Response Center 600 Pennsylvania Ave, NW Washington, DC 20580 (877) 382-4357 |



CHARLOTTE V MUHA | Report # [redacted] for **06/02/20**

# Dispute Form

Use this form for any disputes you wish to submit by mail. You can submit additional dispute forms if have several disputes. Complete all of the following information and submit by mail. Once we receive your dispute, it make take up to 30 days to process your dispute. We will then notify you of the results. You may also submit a dispute by mail using your own format. If so, please include your name, address, Social Security number and date of birth along with the account name and number and dispute reason.

**Would you like to receive your dispute results more quickly? Enter your email address, and we will notify you as soon as your results are ready to be viewed online.** _____

Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

## Your current identification information

| Name: CHARLOTTE MUHA | Middle Initial: V | Generation: |
|---|---|---|
| Social Security number: ___ ___ ___-___ ___-___ ___ ___ ___ | | Date of Birth: |
| Mailing Address: 4935 S GREENBROOK TER APT 13203 GREENFIELD WI 53220- | | |

Is any of the information below incorrect on your report?

☐ Spouse's name                                    ☐ Employer (Which one is incorrect?) _____

☐ Date of Birth (Fill in your correct date of birth) ___/___/___        ☐ Address (Which one is incorrect?) _____

☐ Telephone Number (Which one is correct) ___/___/___            ☐ Name (Which one is incorrect?) _____

☐ Social Security number (Which one is incorrect?) ___ ___ ___-___ ___-___ ___ ___ ___

### Dispute

| Company name: | Your partial account number: |
|---|---|

I believe this item is incorrect because (Choose only one):

☐ Payment never late          ☐ Account included in bankruptcy – Chapter: _____   Filing date: ___/___/___

☐ Account closed              ☐ Not my account – Who does it belong to? _____

☐ Paid in full – On what date? ___/___/___    ☐ Other – Must explain: _____

### Dispute

| Company name: | Your partial account number: |
|---|---|

I believe this item is incorrect because (Choose only one):

☐ Payment never late          ☐ Account included in bankruptcy – Chapter: _____   Filing date: ___/___/___

☐ Account closed              ☐ Not my account – Who does it belong to? _____

☐ Paid in full – On what date? ___/___/___    ☐ Other – Must explain: _____

### Dispute

| Company name: | Your partial account number: |
|---|---|

I believe this item is incorrect because (Choose only one):

☐ Payment never late          ☐ Account included in bankruptcy – Chapter: _____   Filing date: ___/___/___

☐ Account closed              ☐ Not my account – Who does it belong to? _____

☐ Paid in full – On what date? ___/___/___    ☐ Other – Must explain: _____

### Dispute

| Company name: | Your partial account number: |
|---|---|

I believe this item is incorrect because (Choose only one):

☐ Payment never late          ☐ Account included in bankruptcy – Chapter: _____   Filing date: ___/___/___

☐ Account closed              ☐ Not my account – Who does it belong to? _____

☐ Paid in full – On what date? ___/___/___    ☐ Other – Must explain: _____

Exhibit 1 - Page 27

**CHARLOTTE V MUHA** | Report # for **06/02/20**

THIS PAGE INTENTIONALLY LEFT BLANK

Exhibit 1 - Page 28